The STATE, ex rel. MASSARO CORPORATION,

v.

COURT OF COMMON PLEAS OF FRANKLIN COUNTY.

[Cite as *State, ex rel. Massaro Corp., v. Franklin Cty. Court of Common Pleas* (1989), 65 Ohio App.3d 428.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1187.

Decided Nov. 30, 1989.

*Schottenstein, Zox & Dunn, John P. Gilligan* and *Rick E. Marsh; Bradley, Arant, Rose & White* and *E. Mabry Rogers,* for relator.

*Michael Miller,* Prosecuting Attorney, for respondent.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Theodore Scott, Jr.,* for intervenor Ohio Department of Administrative Services.

*Emens, Hurd, Kegler & Ritter* and *John C. McDonald,* for intervenor Ohio State University.

McCormac, Presiding Judge.

This is an original action in mandamus and prohibition brought by relator, Massaro Corporation, requesting that this court issue a writ of prohibition permanently enjoining and prohibiting respondent from enforcing its order requiring relator to file a counterclaim, and further that this court issue a writ of mandamus compelling respondent to rescind its order requiring relator to file a counterclaim and not otherwise require relator to file a counterclaim as long as its action in Pennsylvania exists. The requested writs are sought on the basis that relator cannot be compelled to file a compulsory counterclaim pursuant to Civ.R. 13(A)(1). This matter is before the court pursuant to relator's response to this court's order of October 6, 1989 directing relator to show cause why this action should not be dismissed because relator has an adequate remedy at law.

Recently, the Supreme Court of Ohio in *State, ex rel. Aycock, v. Mowrey* (1989), 45 Ohio St.3d 347, 544 N.E.2d 657, reiterated the basic principles concerning the issuance of the extraordinary writs of prohibition and mandamus. A writ of prohibition will not issue unless (1) a tribunal is about to exercise judicial or quasi-judicial power, (2) the exercise of such power would constitute an unauthorized usurpation of judicial power, and (3) the refusal of the issuance of the writ would result in an injury for which there exists no adequate remedy. A writ of mandamus will not issue unless a relator has demonstrated (1) that he has a clear legal right to the relief requested, (2) that respondent is under a clear legal duty to perform the requested act, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *Id.* at 349, 544 N.E.2d at 659.

Relator contends that a writ of prohibition should issue in the present case on the basis that respondent may not require relator to file a compulsory

counterclaim since relator's counterclaim falls within the provision of Civ.R. 13(A)(1). Civ.R. 13(A) provides in pertinent part:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action * * *."

In this case, the trial court's order directed relator to file its counterclaims "forthwith" or be barred from asserting those claims in the future. Essentially, the trial court's order is a determination that relator's counterclaim does not fall within the exception enumerated in Civ.R. 13(A)(1). Assuming *arguendo* that the trial court erred in that respect, relator nevertheless has an adequate remedy at law which is to appeal the alleged erroneous order.

The purpose of Civ.R. 13(A) requiring a party to file a counterclaim is to enable a court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence. Pursuant to Civ.R. 13(A)(1) an exception has been created which provides that where a party's claim would ordinarily constitute a compulsory counterclaim, where such a claim is the subject of another pending action, that claim need not be pled. As stated by the court in *Dungan v. Bryant* (Mar. 2, 1983), Lorain App. No. 3393, unreported, at 6, 1983 WL 3996:

" 'The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned.' " (Quoting *Union Paving Co. v. Downer Corp.* [C.A.9, 1960], 276 F.2d 468, 470.)

While relator contends that its rights granted pursuant to Civ.R. 13(A)(1) will be defeated absent the issuance of a writ of prohibition, such is not the case. The trial court's order does not interfere with the Pennsylvania court's jurisdiction to proceed with plaintiff's claims. An appeal from the order of the trial court, if sustained, will result in a determination that plaintiff's counterclaim was not compulsory because of the previously filed Pennsylvania claim. If the trial court is sustained, the result is only what Civ.R. 13(A) would have required whether the trial court had issued its order. The risk of the application of Civ.R. 13(A) to an unpleaded compulsory counterclaim is the same whether the trial court had issued its order or not.

Thus, post-litigation appeal remedy preserves whatever rights relator has to litigate the claim in the Pennsylvania court. The action herein seeks, by extraordinary writ, to obtain a declaratory determination of the correctness of the trial court's ruling, and, in reality, is no different than if a declaratory judgment was sought in this court to determine whether the counterclaim is compulsory under Civ.R. 13(A). We have no jurisdiction to grant declaratory judgments. That relief may not be obtained by mandamus or prohibition where appeal provides an adequate remedy.

In *State, ex rel. Eaton Corp., v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46, the Supreme Court of Ohio reiterated a basic principle for the issuance of a writ of prohibition:

"Prohibition tests and determines 'solely and only' the subject matter jurisdiction of the inferior tribunal. * * * Where the tribunal has such jurisdiction, prohibition is not available to prevent or correct an erroneous decision. * * * It is also not a remedy for an abuse of discretion. * * * " (Citations omitted.) *Id.* at 409–410, 534 N.E.2d at 52.

The *Eaton* court quoted from *Kelley v. State, ex rel. Gellner* (1916), 94 Ohio St. 331, 341, 114 N.E. 255, 258:

"In all cases where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court, but only with its exercise of jurisdiction." See, also, *State, ex rel. Rhodes, v. Solether* (1955), 162 Ohio St. 559, 55 O.O. 440, 124 N.E.2d 411, and *State, ex rel. Flower, v. Rocker* (1977), 52 Ohio St.2d 160, 6 O.O.3d 375, 370 N.E. 479.

The trial court's order does not amount to a complete and total usurpation of judicial authority from which an appeal would be inadequate. The trial court has at least basic jurisdiction to determine whether relator's counter-claims are compulsory under Civ.R. 13(A) or permissive under Civ.R. 13(A)(1). Merely because the trial court's determination may be erroneous does not deprive it of jurisdiction over the claims. Based on the foregoing, we find that the trial court has jurisdiction to make a decision as to whether relator's claim is compulsory in nature and falls without the exception enumerated in Civ.R. 13(A)(1). Assuming that there exists error in the trial court's decision, such an error is properly corrected on appeal and is not an adequate ground for the issuance of a writ of prohibition.

As we have determined that the trial court had jurisdiction in the present case to make a determination as to whether relator's claim fell within the exception set forth in Civ.R. 13(A)(1), we must also find that a writ of

mandamus is not properly issued to require respondent to rescind its order requiring relator to file its counterclaim. Any error which may exist in the trial court's order requiring relator to file its compulsory counterclaim may be properly corrected on appeal.

The action is dismissed because relator has an adequate legal remedy by way of appeal.

*Cause dismissed.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.