JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joseph Lewis, appeals from a Cleveland Municipal Court entry awarding judgment in favor of plaintiff-appellee Sandra Harding on a debt in the amount of $8,834 plus costs and interest. Appellant argues that the court erred by denying him a jury trial, by proceeding to trial without his retained counsel, and by summarily denying his motions and counterclaims. The municipal court's judgment entry is a model of thoroughness and clarity. However, we are constrained to hold that it is not final and appealable because the municipal court did not dispose of appellant's counterclaims. Therefore, we lack jurisdiction and must dismiss this appeal.
 Procedural History {¶ 2} Appellee filed her complaint in this case on August 14, 2006. She asserted that she was the guarantor of an educational loan to the appellant, and that appellant defaulted on the note with $13,428 due to the lender. Appellee settled with the lender for $8,834 and sought judgment against appellant for the amount of the settlement. In her second cause of action, appellee asserted that appellant committed a theft by failing to repay her, and demanded treble damages, costs and attorney's fees.
 {¶ 3} Appellant answered, stating with respect to each allegation of the complaint that he "denies wrongdoing; and states plaintiff consented to all agreements and terms within promissory not[sic]/contract." He also counterclaimed *Page 4 
for "Breach of contract," "Liable [sic]," and "Slander," and demanded judgment in the amount of $30,000. Appellee's answer denied the counterclaims, asserted that the counterclaims failed to state a claim, and demanded that the counterclaims be dismissed.
 {¶ 4} On April 20, 2007, appellant filed a motion to dismiss in which he argued, among other things, that the court lacked subject matter jurisdiction because the claims exceeded the court's $15,000 jurisdictional limit. However, on May 1, 2008, the court entered an agreed upon judgment entry, granting judgment to appellee on her first cause of action and dismissing her second cause of action as well as the counterclaims. Appellant moved to vacate this entry; the court granted his motion and scheduled the matter for trial on July 30, 2007.
 {¶ 5} The court conducted a bench trial on July 30, 2007. Following the trial, on February 15, 2008, the court entered an opinion and judgment entry in which it determined that appellant had waived his right to a jury trial by failing to demand a jury within fourteen days of the service of the last pleading, as required by Civ. R. 38. The court further found that appellant was liable to appellee for the liability on the promissory note in the amount of $8,834.
 Law and Analysis {¶ 6} Courts of appeals have jurisdiction over "final orders" of lower courts. Section 3(B)(2), Article IV of the Ohio Constitution. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when, e.g., *Page 5 
it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).
 {¶ 7} Where an action involves multiple claims and/or multiple parties, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B) are met. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus. Under Civ. R. 54(B), when more than one claim for relief is presented in an action, a court may enter final judgment as to fewer than all of the claims "only upon an express determination that there is no just reason for delay." In the absence of such a determination, "any order *** which adjudicates fewer than all the claims *** shall not terminate the action as to any of the claims or parties."
 {¶ 8} In this case, the court did not rule on appellant's counterclaims, nor did the court determine that there was no just reason for delay. Therefore, the judgment entered February 15, 2008 is not final, and we have no jurisdiction over this appeal.[1]
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and MARY JANE TRAPP, J.,* CONCUR.
[1] The municipal court also has not ruled on appellant's motion to dismiss on the ground that the claims in this case exceeded the monetary jurisdiction of the court. See R.C. 1901.17.
* Sitting by assignment, Judge Mary Jane Trapp of the Eleventh District Court of Appeals. *Page 1