**LEWIS, Appellant,**

v.

**HARDING et al., Appellees.**

[Cite as *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92397.

Decided June 25, 2009.

Joseph Lewis, pro se.

Neal R. Nandi, for appellee Sandra Harding.

Terrence P. Carl, pro se.

---

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Appellant Joseph Lewis brings this appeal challenging the trial court's grant of summary judgment in favor of appellees, Sandra Harding and Harding's attorney, Terrence Carl, as well as the trial court's denial of Lewis's motion for summary judgment. After a thorough review of the record, and for the reasons set forth below, we affirm.

{¶ 3} On August 14, 2006, Harding filed a complaint in the Cleveland Municipal Court, case No. 06–CVF–22183 ("the municipal court case"), against Lewis, acknowledging that she was the guarantor of an educational loan to Lewis and that Lewis had defaulted on the note with an amount of $13,428 due to the lender. Harding settled with the lender for $8,834, wrote a check to "Wells Fargo" for that amount, and subsequently sought judgment against Lewis for the amount of the settlement.[1] In a second cause of action, Harding asserted that Lewis committed a theft by failing to repay her and demanded punitive damages, costs, and attorney fees. When Harding brought this action against Lewis, Carl represented her.

{¶ 4} Lewis answered, denying any wrongdoing. He also counterclaimed for breach of contract, libel, and slander, and demanded judgment in the amount of $30,000. Lewis's causes of action for libel and slander alleged that Harding's false statements regarding the loan had a negative impact on his credit report.

{¶ 5} On May 1, 2007, the municipal court entered an agreed-upon judgment entry ("judgment entry") granting judgment to Harding on her first cause of action and dismissing her second cause of action, as well as the entire counterclaim. Lewis moved to vacate this entry on the grounds that Harding and Carl had filed a falsified agreement with the court. On July 27, 2007, the municipal court granted Lewis's motion and set the case for trial. The municipal court conducted a bench trial on July 30, 2007..

{¶ 6} On October 11, 2007, prior to the municipal court's ruling on the causes of action before it, Lewis filed a separate action in the Cuyahoga County common pleas court, case No. CV–638422 ("the common pleas court case"), the underlying case in this appeal, against Harding and Carl individually, alleging a sole cause of action for defamation. Lewis alleged that Harding and Carl defamed him by making untrue statements in the now-vacated judgment entry and caused that judgment to be filed in court, thereby publishing a false statement that adversely affected his credit report.

{¶ 7} On February 15, 2008, the municipal court entered judgment in its case, finding Lewis liable to Harding on the promissory note in the amount of $8,834. Lewis appealed that decision; this court dismissed the appeal for lack of a final,

---

1. On the original "Education Loan Application & Promissory Note," the lender is Bank One, Lewis is listed as "Student," and Harding is listed as "Applicant # 1."

appealable order because the municipal court had not resolved Harding's second cause of action or Lewis's counterclaims. *Harding v. Lewis,* Cuyahoga App. No. 91155, 2009-Ohio-613, 2009 WL 344859.

{¶ 8} In the common pleas court case, the parties filed cross-motions for summary judgment. Harding and Carl argued that any remarks they made in connection with the prior lawsuit were privileged because the law protects statements made in the course of a judicial proceeding. Lewis argued that the agreed-upon judgment entry contained false information, which Harding and Carl used to defame him by causing a negative impact on his credit report. At no time did the parties raise the issue of whether summary judgment should be granted on the basis that the same cause of action is presently pending in the municipal court case.

{¶ 9} On October 10, 2008, the common pleas court granted summary judgment in favor of Harding and Carl and denied summary judgment to Lewis. Lewis filed a notice of appeal on November 8, 2008, raising three assignments of error.

{¶ 10} Lewis originally filed his counterclaim in the municipal court case. The problem before us is that prior to resolution of the municipal court case, Lewis filed a separate action for defamation against Harding and Carl in the common pleas court, which is essentially the same cause of action he had pending in the municipal court as part of his counterclaim against Harding.[2] We find that because the purpose of Civ.R. 13(A) is to promote judicial economy and avoid multiple lawsuits between the same parties arising from the same event or events, the common pleas court should have granted summary judgment and dismissed Lewis's second action, although for reasons other than those raised by Harding and Carl in their motions.

{¶ 11} Civ.R. 13(A) provides: "(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * * "

{¶ 12} "The purpose of this rule is to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence. *State ex rel. Massaro Corp. v. Franklin Cty. Court of Common Pleas* (1989), 65 Ohio App.3d 428, 430, 584 N.E.2d 756. The rule also provides for an orderly delineation of res judicata, *Cleveland v. A.J.*

---

2. We note that Carl was not a party to case No. 06–CVF–22183, but Lewis's claim against Carl arises out of the same transaction or occurrence.

*Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 275, 624 N.E.2d 245, as failure to assert a compulsory counterclaim will result in its being barred in any subsequent action. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 404, 536 N.E.2d 22." *ATAC Corp. v. Lindsay* (Jan. 16, 1997), Cuyahoga App. Nos. 70293, 70294, and 70572, 1997 WL 15263, *4.

{¶ 13} The Ohio Supreme Court has interpreted the rule to require that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Ents., Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, paragraph one of the syllabus. Accordingly, the Ohio Supreme Court has adopted the "logical relation" test, which provides that "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Id. at paragraph two of the syllabus. Therefore, "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.' " *Rettig Ents.* at 279, 626 N.E.2d 99, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (C.A.3, 1961), 286 F.2d 631, 634.

{¶ 14} The complaint Lewis filed in the common pleas court against Harding and Carl is a duplication of at least one of the claims Lewis brought in his counterclaim in the municipal court case, alleging defamation against Harding. Lewis complied with the requirement in Civ.R. 13(A) by filing a counterclaim, and his causes of action in the municipal court case are still pending.

{¶ 15} Since Lewis's counterclaim for defamation in the municipal court is essentially identical to the sole cause of action he later filed in the common pleas court, the common pleas court should have dismissed the second action.

{¶ 16} One component of Civ.R. 13(A) is the "first in time" rule. See *Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 624 N.E.2d 245. In *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, the Ohio Supreme Court stated: " 'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 17 OBR 45, 476 N.E.2d 1060, 1062, citing *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. 'When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at

liberty to interfere with its proceedings.' *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus."

{¶ 17} The Cleveland Municipal Court has exercised jurisdiction over Lewis's claim for defamation. Under the "first in time" rule, the Cuyahoga County common pleas court is not at liberty to interfere with the municipal court's proceedings. Accordingly, we affirm summary judgment, although for a different reason.

Judgment affirmed.

COONEY, A.J., and BOYLE, J., concur.