[Cite as *Harper v. Anthony*, 2014-Ohio-214.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100082**

## DAVID W. HARPER

PLAINTIFF-APPELLANT

vs.

## DAVID S. ANTHONY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-798073

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 23, 2014

**ATTORNEYS FOR APPELLANT**

Andrew J. Simon
James L. Simon
Freedom Square II, Suite 165
6000 Freedom Square Drive
Independence, Ohio 44131

**ATTORNEYS FOR APPELLEE**

Lori E. Brown
Colleen A. Mountcastle
Catherine F. Peters
Gallagher Sharp
Bulkley Building, 6th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} This appeal presents us with the question of whether, under Civ.R. 13(A), a claim for legal malpractice is a compulsory counterclaim to a claim for unpaid legal fees. The trial court answered in the affirmative, determining that plaintiff-appellant David Harper ("Harper") was barred from refiling his legal malpractice claim. We agree, and so we affirm the trial court's final judgment in favor of defendant-appellee David Anthony ("Anthony").

{¶2} Anthony had provided legal representation to Harper in Harper's divorce case. On February 17, 2011, Harper filed a complaint against Anthony claiming legal malpractice ("*Harper I*"). Anthony filed an answer along with a counterclaim asserting that Harper was liable for unpaid legal fees.

{¶3} Harper did not file an answer to Anthony's counterclaim, and on December 16, 2011, Anthony moved for default judgment. On December 22, 2011, Harper filed a notice, pursuant to Civ.R. 41(A)(1)(a), voluntarily dismissing his legal malpractice claim. At this point, the only outstanding claim was Anthony's counterclaim against Harper. On January 20, 2012, the trial court entered default judgment against Harper in the amount of $11,000.

{¶4} On December 21, 2012, Harper refiled his legal malpractice claim against Anthony ("*Harper II*"). Anthony filed a motion for summary judgment, arguing that Harper's legal malpractice claim was a compulsory counterclaim to Anthony's claim for

unpaid legal fees, and that Harper's failure to prosecute his malpractice claim in the original action rendered that claim res judicata. The trial court agreed with Anthony and granted the motion for summary judgment. Harper now appeals from the trial court's final judgment, asserting two assignments of error for our review.

> I. The trial court erred in determining that the legal malpractice claim was barred by res judicata, because Harper had voluntarily dismissed the claim under Civ.R. 41(A)(1)(a), and so the claim was never decided on the merits.

> II. The trial court erred in determining that a claim for legal malpractice is compulsory to a claim for unpaid legal fees, because a claim for legal malpractice does not arise from the creation of a contract; rather, the claim arises from conduct throughout the underlying representation.

We consider the assignments of error out of order for ease of discussion. For the reasons that follow, both assignments of error are overruled.

{¶5} We apply the de novo standard when reviewing an order granting summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We will affirm the trial court's order granting summary judgment if (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶6} In the instant case, the trial court granted summary judgment in *Harper II*, concluding that the legal malpractice claim was a compulsory counterclaim to the claim

for unpaid legal fees, and that Harper was, therefore, required to litigate this claim in *Harper I*. In his second assignment of error, Harper argues that the trial court erred because his legal malpractice claim was not compulsory to Anthony's claim for unpaid legal fees.

{¶7} Civ.R. 13(A) governs compulsory counterclaims. Under this rule, all existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of which party initiates the action. *Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), paragraph one of the syllabus. In addition to promoting judicial economy, the rule is designed to assist courts with the "orderly delineation of res judicata." *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048, ¶ 12 (8th Dist.). A party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit. *Id.*

{¶8} Ohio courts use the "logical relation" test to determine whether a claim is a compulsory counterclaim. *Rettig Ents.* at paragraph two of the syllabus. Under this test, a compulsory counterclaim exists if that claim "is logically related to the opposing party's claim" such that "separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts * * *." *Id.* Accordingly, "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id.* at 279, quoting *Great Lakes*

*Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961).

{¶9}   Harper argues that a claim for legal malpractice is not logically related to a claim for unpaid legal fees, but the Ohio Supreme Court has already decided that such claims are compulsory counterclaims under Civ.R. 13(A).   *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 763 N.E.2d 1169 (2002).   In *Soler*, the plaintiff filed a complaint with a jury demand, asserting a claim for legal malpractice.   The defendant filed a counterclaim for unpaid legal fees.   When filing her answer to the defendant's counterclaim, the plaintiff never requested a jury trial on that claim.   Subsequently, the plaintiff voluntarily dismissed her complaint, leaving only the counterclaim for unpaid legal fees outstanding.

{¶10} The issue before the Ohio Supreme Court was whether the plaintiff was entitled to a jury trial on the remaining counterclaim.   The court concluded that the plaintiff's general jury demand served as notice to the defendant that she intended to exercise her constitutional right to a jury trial.   In making this determination, the court stated that the general demand included the defendant's "counterclaim, which was compulsory, since it arose out of the same operative facts as the underlying claims in the complaint."   *Id.* at 438, citing Civ.R. 13(A).

{¶11} In the case at bar, the trial court relied on *Soler* in concluding that Harper's legal malpractice claim was compulsory to Anthony's claim for unpaid legal fees.   On appeal, Harper argues that the aforementioned language in *Soler* is merely dicta, that it need not be followed, and that "*Soler* has nothing to do with the application of Civ.R.

13(A)." Appellant's brief at 15. Harper's position is untenable. First, in concluding that the defendant's claim for legal fees was compulsory to the plaintiff's claim for legal malpractice, the *Soler* decision explicitly applied Civ.R. 13(A). *Soler* at 438. Second, the court's compulsory counterclaim determination was intrinsic to its holding: "[W]e hold that a general jury demand within a complaint applies to issues raised *in a compulsory counterclaim* even if the complaint is later voluntarily dismissed." (Emphasis added.) *Id.* at 439. Thus, in order to apply its holding to the facts of the case, the *Soler* Court necessarily needed to determine whether the claims were compulsory under Civ.R. 13(A). Accordingly, we cannot agree with Harper that the language in question is dicta. To the contrary; *Soler* is dispositive.

{¶12} Harper argues that it is inequitable to require a party to bring a legal malpractice claim at the same time that another party files a claim for unpaid legal fees, because a legal malpractice claimant may not know that his claim has arisen until after the trial court resolves the claim for unpaid legal fees. But Harper's fear is unfounded, because a claim is compulsory under Civ.R. 13(A) only if that claim existed at the time that the pleading is served. *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984). In Ohio, courts apply the "discovery rule" to determine when a claim for legal malpractice accrues. *Zimmie v. Calfee*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989). The claim accrues when

> there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular

transaction or undertaking terminates, whichever occurs later.

*Zimmie v. Calfee*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus (discussing when the statute of limitations begins to run on a legal malpractice claim). Applying this definition to Civ.R. 13(A), a legal malpractice claim "exists" once the injury is "discovered." It follows that a party who is served with a claim for unpaid legal fees is not required to bring his claim for legal malpractice if the injury is not yet discovered. Because a legal malpractice claim does not exist until discovered, application of Civ.R. 13(A) does not place legal malpractice claimants at a disadvantage.

{¶13} In this case, the record establishes that Harper's injury was discovered no later than February 17, 2011, because this is the date on which Harper filed his legal malpractice claim against Anthony. Accordingly, Harper's legal malpractice claim existed, for purposes of Civ.R. 13(A), before Anthony filed his subsequent counterclaim for unpaid legal fees. Although Harper knew that Anthony's claim for unpaid legal fees was pending, Harper, nonetheless, dismissed his legal malpractice claim and failed to prosecute the claim during the pendency of *Harper I*. Under Civ.R. 13(A), Harper was barred from refiling the same legal malpractice claim in *Harper II*. Accordingly, we overrule the second assignment of error.

{¶14} In his first assignment of error, Harper argues that, regardless of Civ.R. 13(A), he was entitled to refile his claim in *Harper II*, because he had used Civ.R. 41(A)(1)(a) in voluntarily dismissing the claim in *Harper I*. We disagree.

{¶15} A voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) does not operate as

an adjudication on the merits and is without prejudice, so long as the plaintiff has not previously dismissed an action based on the same claim and so long as the notice of dismissal does not provide otherwise. *See Hensley v. Henry*, 61 Ohio St.2d 277, 279, 400 N.E.2d 1352 (1980).

{¶16} But a Civ.R. 41(A)(1)(a) dismissal does not give a plaintiff an absolute right to refile a claim at a later date. A plaintiff may still be barred from refiling a voluntarily dismissed claim by operation of other procedural rules or statutes. We have already determined in an earlier case that a party who voluntarily withdraws a compulsory counterclaim is barred from refiling the claim in a subsequent lawsuit. *L.M. Lignos Ents. v. Beacon Ins. Co. of Am.*, 8th Dist. Cuyahoga No. 70816, 1997 Ohio App. LEXIS 496, *3-4 (Feb. 13, 1997) (explaining the res judicata effect of failing to timely prosecute a compulsory counterclaim, and concluding that "[t]his bar operates even though a party has voluntarily withdrawn a compulsory counterclaim."). A plaintiff cannot use voluntary dismissal as a shield from the mandatory provisions set forth in Civ.R. 13(A).

{¶17} The Ninth District reached the same conclusion in a case factually and procedurally identical to the case at bar. *Lenihan v. Shumaker*, 9th Dist. Summit No. 12814, 1987 Ohio App. LEXIS 6693 (May 6, 1987). In that case the court reasoned that:

> To hold otherwise would permit a defendant, who does not wish to have his compulsory counterclaim litigated in the same action as a claim against him, to defeat the mandatory provisions of Civ.R. 13(A) and preserve his counterclaim by simply filing his claim in the first action then voluntarily dismissing the claim without prejudice.

*Id.* at *3-4, quoting *Dungan v. Bryant*, 9th Dist. Lorain No. 3393, 1983 Ohio App. LEXIS 14965 (Mar. 2, 1983). Because Harper's legal malpractice claim was compulsory to Anthony's claim for unpaid legal fees, Harper was required to prosecute his claim during the pendency of *Harper I*. Although Harper was free to voluntarily dismiss the legal malpractice claim under Civ.R. 41(A)(1)(a), he could not refile the claim in a subsequent action. Accordingly, the trial court correctly granted summary judgment to Anthony in *Harper II*, and we overrule the first assignment of error.

{**¶18**} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN
JUDGMENT ONLY