[Cite as *Freeman v. Todd Deegan Mgt., Inc.*, 2019-Ohio-1530.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LINDA FREEMAN,                           :

    Plaintiff-Appellant           :

                                     No. 107443

    v.                            :

TODD DEEGAN MGMT. INC., ET AL.,  :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2019

---

Civil Appeal from the Euclid Municipal Court
Case No. CV-18 CVI 01010

---

### *Appearances:*

Linda Freeman, pro se, *for appellant.*

Rachel E. Cohen and Thomas P. Owen, *for appellees.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, Linda Freeman ("Freeman"), appeals the decision of the Euclid Municipal Court dismissing her complaint. For the reasons set forth below, we affirm.

{¶ 2} On March 27, 2018, Freeman filed a complaint against Todd Deegan Mgmt., Inc., et al. ("Deegan"), in Euclid Municipal Court seeking $6,000 in money

damages. In the complaint, Freeman alleged that Deegan, her former landlord, wrongfully withheld her security deposit and committed perjury.

{¶ 3} On April 26, 2018, a hearing was held on the matter. In the written decision after the hearing, the magistrate found that Deegan filed a forcible entry and detainer action, with a second cause for money damages against Freeman, in 2015.[1] The magistrate also found that the parties resolved the second cause for money damages by way of a consent entry, whereby Freeman agreed to a judgment in Deegan's favor in the amount of $700, which would be paid in monthly installments.

{¶ 4} In addition, the magistrate found that after the consent entry became a final judgment on March 2, 2016, Freeman did not appeal. The magistrate further found that Freeman's claim for the return of her security deposit was barred by the doctrine of res judicata and her claim that Deegan committed perjury cannot be litigated in small claims court.

{¶ 5} On May 17, 2018, Freeman filed objections to the magistrate's decision. On May 24, 2018, the municipal court's judge upheld the magistrate's decision and entered its judgment of dismissal.

{¶ 6} Freeman now appeals, assigning five errors for review:

Assignment of Error One

---

[1] The trial court found in favor of Deegan in the 2015 case.

The trial court erred in dismissing the case because while perjury and intentional torts are not within the subject matter jurisdiction of small claims court, my claim for my security deposit is.

## Assignment Of Error Two

The trial court erred in dismissing the case by improperly applying the doctrine of res judicata. I signed the judgment entry in the original case under duress and fraud, the final ruling is not valid.

## Assignment of Error Three

The trial court in the original case abused its discretion by failing to consider evidence I brought that suggested the ledger Deegan Mgmt. used was incorrect and therefore the judgment in the original case is not valid.

## Assignment of Error Four

The trial court erred in dismissing the case by improperly applying the doctrine of res judicata. Because Deegan Mgmt. failed to return my security deposit in a timely manner after resolution of the original case, the claim for my security deposit was not yet ripe at the time of the trial and therefore not res judicata.

## Assignment of Error Five

Because the trial court misapplied a legal standard, res judicata, the appellate court should adopt a de novo review to see documentation and proof of wrongful eviction.

{¶ 7} We will collectively address Freeman's assignments of error because of their common basis in fact and law.

{¶ 8} In assignments of error two through four, Freeman broadly argues that the municipal court should not have dismissed her complaint on the basis that it was barred by the doctrine of res judicata.

{¶ 9} In the instant case, the magistrate's decision, which the municipal court adopted states in relevant part:

[Freeman's] complaint asserts that Deegan Management "wrongfully withheld my security deposit * * *. He also committed perjury * * * at Aljer Manor 2016." [Freeman] was the defendant in 15 CVG 03246, wherein Deegan Management filed a forcible entry and detainer action with a second cause for money damages. * * * Because 15 CVG 03246 involved a claim for money damages, [Freeman] was required to file any claim against Deegan Management. The return of a security deposit is a claim that was required to be litigated in the second cause hearing in the earlier case. Having done so, or having failed to so file, res judicata applies to the current action.

{¶ 10} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226 (1995). The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.

{¶ 11} In *Ferarra v. Vicchiarelli Funeral Servs.*, 2016-Ohio-5144, 69 N.E.3d 171 (8th Dist.), we explained:

Civ.R. 13(A) governs compulsory counterclaims. Under this rule, all existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of which party initiates the action. *Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 1994-Ohio-127, 626 N.E.2d 99 (1994), paragraph one of the syllabus. In addition to promoting judicial economy, the rule

is designed to assist courts with the "orderly delineation of res judicata." *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048, ¶ 12 (8th Dist.). A party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit. *Id.*

Ohio courts use the "logical relation" test to determine whether a claim is a compulsory counterclaim. *Rettig Ents.* at paragraph two of the syllabus. Under this test, a compulsory counterclaim exists if that claim "is logically related to the opposing party's claim" such that "separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts * * *." *Id.* Accordingly, "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id.* at 279, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961).

{¶ 12} In applying the two-part *Rettig* test to the facts in this case, we find that the claims Freeman asserted against Deegan in the present action were compulsory counterclaims. Under the first prong, we find that Freeman's claim, regarding the security deposit, existed at the time Deegan filed the forcible entry and detainer action and its second cause for money damages in 2015.

{¶ 13} Under the second *Rettig* prong, we find that Freeman's claims arose out of the transaction or occurrence — the landlord/tenant agreement — that was the subject matter of 2015 case. The basis for the causes of action asserted by Freeman in the present action arose from the landlord/tenant agreement and bears a logical relationship to the claims Deegan asserted against her in their forcible entry and detainer and second cause for money damages in 2015.

{¶ 14} Because the claims that Freeman asserted against Deegan in the present complaint satisfy both prongs of the *Rettig* two-part test, they were

compulsory counterclaims that either were or should have been asserted in the previous action. The issue of the security deposit would have been addressed as part of Deegan's second cause of action for money damages in the 2015 case. We have held that all claims, including those sounding in tort, arising from complaints stemming from the landlord-tenant relationship fall within the compulsory counterclaim mandate of Civ.R. 13(A). *Maduka v. Parries*, 14 Ohio App. 3d 191, 193, 470 N.E.2d 464 (8th Dist.1984).

{¶ 15} As previously noted, in Deegan's second cause of action for money damages, Freeman signed a consent entry agreeing to judgment in Deegan's favor for $700 to be paid in monthly installments. The consent entry was reduced to a final judgment on March 2, 2016. The record indicates that Freeman made an installment payment on April 11, 2016 in the amount of $35, which is a clear indication that matter had been addressed and resolved. As a result, Freeman is barred from asserting or relitigating this claim in the present action.

{¶ 16} Nonetheless, Freeman now asserts for the first time that her complaint should not have been dismissed on the basis of res judicata because the consent entry was entered into under duress and fraud.

{¶ 17} The record reflects that Freeman did not raise this argument in the municipal court, and then waited almost two full years to raise the argument for the first time in this appeal. It is well-established that a party is precluded from raising an argument on appeal that the party failed to assert in the trial court. *See State v. Bridges*, 8th Dist. Cuyahoga No. 106652, 2018-Ohio-4325, ¶ 7, citing *State v.*

*Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 4 ("New issues cannot be raised and argued for the first time on appeal."); *State ex rel. Zollner v. Indus. Comm. of Ohio*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) (when a party fails to raise an argument in the trial court, he or she waives the right to raise the argument on appeal).

{¶ 18} Based on the foregoing analysis, we find that the municipal court properly concluded that Freeman was barred from asserting the present claims against Deegan in the instant action.

{¶ 19} Finally, in the first assignment of error, Freeman acknowledges that perjury and intentional torts are not within the jurisdiction of the small claims court. Under R.C. 1925.02, a small claims court has no jurisdiction to hear Freeman's claim of perjury.

{¶ 20} In light of the foregoing, we find the municipal court did not err when it dismissed Freeman's complaint.

{¶ 21} Accordingly, all of Freeman's assignments of error are overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
RAYMOND C. HEADEN, J., CONCUR