MARVIN, APPELLANT, *v.* STEMEN, APPELLEE.

(No. L-79-177—Decided March 21, 1980.)

*Mr. James W. Millon,* for appellant.
*Mr. Robert B. Dixon,* for appellee.

WILEY, J.   This is an appeal from the judgment entered in the Court of Common Pleas of Lucas County, wherein the motion of defendant-appellee, Eileen C. Stemen, for summary judgment was granted in defendant's favor and against the plaintiff-appellant, Ruby Marvin, on plaintiff's complaint.

The parties to the present action originally entered into an agreement entitled "Land Installment Contract" on March 22, 1974. Under its terms, plaintiff, as vendor, agreed to convey certain real estate at an agreed price to the defendant, as vendee, in return for payment of monthly installments. When the defendant defaulted on the installments, plaintiff elected to treat the contract as terminated, and brought suit on November 16, 1978, in the Court of Common Pleas of Lucas

County (case No. 78-2492) for cancellation of the Land Installment Contract. Plaintiff was granted judgment by default, thus, canceling the contract, and judgment for possession, on December 27, 1978. Thereafter, on March 13, 1979, plaintiff filed the complaint (case No. 79-0563) which is the subject of this appeal against the defendant, stating a claim for damages under the same contract due to an alleged commission of waste by defendant upon plaintiff's premises. The trial court granted summary judgment on defendant's motion, holding as follows:

"Upon consideration thereof, the Court finds that the Judgment rendered in case number 78-2492 constitutes a complete and final determination of the rights and claims of these parties arising from this transaction. The Plaintiff cannot subsequently initiate another action (the present case) alleging breach of the same contract in the form of waste to the premises."

Plaintiff has appealed the trial court's determination and filed a brief containing, as the sole assignment of error, the following:

"It was error to grant the motion for summary judgment because Ohio Revised Code Section 5313.10 allows a cause of action by a vendor against a vendee for commission of waste and deterioration in breach òf a land contract notwithstanding a judgment for cancellation of land contract under Ohio Revised Code Section 5313.08 rendered in a prior action."

The issue presented for determination is whether the subsequent action for damages for destruction occasioned by alleged misuse beyond ordinary wear and tear is precluded by the doctrine of *res judicata*. The defense is based on the existence of a prior judgment canceling the contract upon which the subsequent suit is sought to be maintained.

The defendant responds primarily with the argument that a claim cannot be split so as to make it the subject of several lawsuits; therefore, plaintiff should not be allowed to bring the second action. This argument is without merit in the instant cause because plaintiff's original petition for forfeiture of the contract and for possession is clearly separate and distinct from the claim of damages for destruction, even though both may have arisen out of the contract.

We now move to the more difficult questions of (1) the ef-

fect of the prior litigation upon the issues raised in the subsequent suit, and (2) the effect of R. C. 5313.10 upon those issues. R. C. 5313.10 reads as follows:

"The election of the vendor to terminate the land installment contract by an action under section 5313.07 or 5313.08 of the Revised Code is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use."

In proceedings to forfeit a land installment contract under R. C. 5313.08,* the vendor is also entitled to seek restitution of the premises pursuant to R. C. Chapter 1923. Plaintiff argues that the only issue raised in the first action was that of plaintiff's possessory interests in the real estate. This argument is without merit because in the first action plaintiff sued not only for possession, but also for forfeiture of the contract as was granted by the trial court in its judgment. R. C. 1923.02(G) provides that, in cases arising out of R. C. Chapter 5313, the trial court "***shall have the authority to declare a forfeiture of the vendee's rights under***[the] contract and to grant any other claims arising out of the contract." In a restitution action, both R. C. 5313.08 and R. C. 1923.081 permit, but do not require, the joinder of other claims arising out of the contract or rental agreement.

In the absence of specific statutory authority, the general rule is that where the contract provides for liquidated damages, an action for forfeiture bars further action for damages on the contract. See 92 Corpus Juris Secundum 311, 517, Vendor and Purchaser, Sections 376 and 528. However, the specific statutory language of R. C. 5313.10 holds other-

---

* R. C. 5313.08 reads as follows:

"If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under sections 1923.01 to 1923.14, inclusive, of the Revised Code. The court may also grant any other claim arising out of the contract."

wise, if "***the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use." Plaintiff contends that the exception applies to the facts herein. Research has not revealed any cases interpreting R. C. 5313.10; and, although the statute is not without ambiguity, we interpret the statutory language to permit the action herein. Defendant claims that, to allow this action, permits vexatious and repetitive litigation in contravention of public policy. Although claims *may* be joined pursuant to Civ. R. 18 and although an action for forfeiture of a land installment contract and for possession *may* be joined with any other claims arising out of the contract pursuant to R. C. 5313.08 and 1923.02(G), defendant has not cited any cases which state that they *must* be joined; nor does our research reveal such.

In further support of his position, plaintiff contends that, prior to gaining repossession of the property in question, he cannot be held to have sufficient knowledge of the facts that would be needed for him to make an intelligent choice of procedure; therefore, he contends that he should not be precluded from bringing the subsequent action for damages. In view of our determination that R. C. 5313.10 will permit an action for damages arising out of a land installment contract subsequent to an action filed under R. C. 5313.08, we need not reach the merits of this contention.

Appellant's sole assignment of error is well taken.

On consideration thereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Court of Common Pleas of Lucas County is reversed. This cause is remanded to said court for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROWN and CONNORS, JJ., concur.