**THIRION et al.**

v.

**TUTOKI et al.**■

Warren Municipal Court, Ohio,
Trumbull County.

No. 97CVE 1931.

Decided Sept. 14, 1998.

*Kenneth H. Inskeep,* for plaintiffs Ted and Stacy Thirion.

*George Nicholas Kafantaris,* for defendants John and Peggy Tutoki.

DANIEL GERIN, Magistrate.

Plaintiffs filed a complaint alleging past due rent and money damages from the rental of premises at 1523 Sheridan Ave., NE, Warren, Ohio.

Defendants filed an answer and in addition to a general denial claim that the matter is barred by the doctrine of *res judicata* in that the same parties litigated the same issues in Warren Municipal Court Small Claims case No. 95 CVI 1041.

Case No. 95 CVI 1041 involved a small claims action in which the tenants, John and Peggy Tutoki (defendants in the present action), filed with the court for return of their security deposit. After many hearings, the Tutokis were granted a judgment in the sum of $400, the amount of the security deposit.

Plaintiffs have cited *Marvin v. Stemen* (1980), 68 Ohio App.2d 26, 22 O.O.3d 16, 426 N.E.2d 205, for the proposition that they can bring this action. However, that case dealt with a land installment contract. In that case, the court stated that "[w]here a vendor of a land installment contract has brought a previous, successful action against the vendee for forfeiture of the vendee's rights in the contract and for restitution of the premises pursuant to R.C. 5313.08, the doctrine of *res judicata* does not preclude the vendor from bringing a subsequent action against the same vendee for damages for deterioration or destruction[.]" *Id.* at the syllabus.

That case is distinguishable from the instant case in that this case does not involve a land contract.

Sub.S.B. No. 105, effective June 23, 1992, amended R.C.1925.05 to provide the following language and notice:

"* * * If you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven days prior to the date of the trial of the plaintiff's claim."

The amendment makes Civ.R. 13(A) concerning compulsory counterclaims applicable to small claims proceedings.

I find, from the evidence and the law, that defendants' claim that the matter is barred by the doctrine of *res judicata* is well taken, as the claim filed was a compulsory counterclaim.

### MAGISTRATE'S DECISION

The Magistrate dismisses plaintiffs' complaint at plaintiffs' cost.

*Complaint dismissed.*