[Cite as *Basinger v. York*, 2012-Ohio-2017.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| Joel M. Basinger, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA2 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| Gary York, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed:  May 2, 2012 |

_____

APPEARANCES:

Gary York, Shade, Ohio, pro se, Appellant.

Joel M. Basinger, Shade, Ohio, pro se, Appellee.[1]

_____

Kline, J.:

{¶1} Gary York (hereinafter "York") appeals the judgment of the Meigs County Court, Small Claims Division, which awarded Joel M. Basinger (hereinafter "Basinger") a civil judgment of $509.99.  On appeal, York raises various arguments about the proceedings below.  We will not, however, address these arguments.  Instead, we find that the trial court lacked subject matter jurisdiction over this action.  Accordingly, we vacate the trial court's judgment and instruct the trial court to dismiss this entire case pursuant to Civ.R. 12(H)(3).

I.

---

[1] Basinger did not participate in this appeal.

{¶2} Basinger used to live on York's property, and the two of them had some type of business arrangement.  After being evicted from York's property, Basinger filed a complaint against York in the Meigs County Court, Small Claims Division.  York then filed a counterclaim against Basinger.  In relevant part, York's counterclaim states that "Defendant would like returned to him, from Plaintiff, in good working order, 1 electronic digital remote control varmint caller with remote and 2 jack stands that the Plaintiff has borrowed and not returned."

{¶3} After a February 19, 2010 hearing, the trial court found for Basinger and awarded him $509.99 in damages.  York took nothing on his counterclaim.

{¶4} York appeals and asserts the following five assignments of error: I. "The Court erred in stating that there was no rental agreement."  II. "The Court erred in rendering any judgment, for items withheld by Plaintiff, electronic digital varmint caller with remote and two jack stands."  III. "The Court erred as they did not take into consideration Defendant[']s countersuit and a notarized letter from the Plaintiff."  IV. "The Court erred as they denied rendering any judgment for the boarding of a hog, that belonged to the plaintiff[,] since plaintiff moved out and discontinued involvement of feed or medical care for such hog."  And V. "The Court erred as they would not allow any exchange of items still retained by Plaintiff and Defendant as offered in a letter dated October 14, 2009."

II.

{¶5} Before we may address York's arguments on appeal, we must determine whether the Meigs County Court, Small Claims Division, had subject-matter jurisdiction to decide this case.

{¶6} "Subject matter jurisdiction is defined as a court's power to hear and decide cases." *Heisler v. Heisler*, 4th Dist. No. 09CA12, 2010-Ohio-98, ¶ 15, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). "Appellate courts may sua sponte consider subject matter jurisdiction even if not raised in the lower courts." *Brown v. E. Ohio Gas Co.*, 8th Dist. No. 96815, 2011-Ohio-6443, ¶ 6, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 684 N.E.2d 72 (1997).

{¶7} In the proceedings below, York filed a counterclaim for replevin. But "[j]urisdiction of the small claims division is limited to $3,000, and there is no subject-matter jurisdiction over claims for libel, slander, *replevin*, malicious prosecution, or abuse of process. R.C. 1925.02(A)(1) and (2)(a)(i)." (Emphasis added.) *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15. "Replevin has been defined as: '* * * [A] remedy and a civil action by which the owner or one who has a general or special interest in specific and identifiable personal property and the right to its immediate possession seeks to recover the possession of such property in specie, the recovery of damages, if it is sought, being only incidental.'" (Omission sic.) *Gates v. Praul*, 10th Dist. No. 10AP-784, 2011-Ohio-6230, ¶ 33, quoting *Holstein v. Holstein*, 7th Dist. No. 559, 1982 WL 6129, *2 (May 4, 1982). And here, York's counterclaim seeks to recover specific property from Ballinger -- namely, one varmint caller and two jack stands. Therefore, York's counterclaim is for replevin, and the trial court lacked subject-matter jurisdiction over this counterclaim.

{¶8} Because of the replevin counterclaim, the trial court should have dismissed this action. "Pursuant to R.C. 1925.16, the Ohio Rules of Civil Procedure apply to

actions in the Small Claims Court to the extent they are not inconsistent with the procedures provided in R.C. Chapter 1925." *Shokles v. Beatley*, 10th Dist. No. 95APG05-665, 1995 WL 771443, *2 (Dec. 19, 1995); *compare* Civ.R. 1(C)(4).  And Civ.R. 12(H)(3) states that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court *shall* dismiss the action."  (Emphasis added.)  According to the rule in R.C. 1925.16, we find that Civ.R. 12(H)(3) applies to actions in small claims court.  Therefore, because York filed a counterclaim for replevin, the trial court should have dismissed this action pursuant to Civ.R. 12(H)(3).  *See Eicher v. Eicher*, 4th Dist. No. 09CA34, 2010-Ohio-3784, ¶ 12 (finding that, "pursuant to Civ.R. 12(H)(3), the Hillsboro Municipal Court was required to dismiss [an] action").

{¶9} Indeed, the trial court should have dismissed the entire case, not just York's counterclaim.  *Black's Law Dictionary* defines an "action" as "[a] civil or criminal judicial proceeding[.]"  Therefore, an action is not limited to the counterclaim itself -- an action is the entire proceeding.  Furthermore, we should read Civ.R. 12(H)(3) in conjunction with the other civil rules.  *See generally State ex rel. Natl. Employee Benefit Servs., Inc. v. Court of Common Pleas of Cuyahoga Cty.*, 49 Ohio St.3d 49, 50, 550 N.E.2d 941(1990) (interpreting the civil rules so that they do not conflict with one another).  And significantly, Civ.R. 54(B) states the following: "When more than one claim for relief is presented *in an action* whether as a claim, *counterclaim*, cross-claim, or third-party claim * * *."  (Emphasis added.)  Accordingly, a counterclaim is not a separate action unto itself.  Rather, the civil rules contemplate that an action is the sum total of all

claims, including counterclaims. Therefore, because the trial court lacked subject-matter jurisdiction over York's counterclaim, the entire case should have been dismissed.

{¶10} Furthermore, we find that dismissing the entire case is especially appropriate here.  York's replevin counterclaim appears to be a compulsory counterclaim, and "compulsory counterclaims [are] applicable to small claims proceedings." *Thirion v. Tutoki*, 94 Ohio Misc.2d 77, 78, 703 N.E.2d 378 (M.C.1998). *See also* R.C. 1925.05(A); Civ.R. 13(A).  Therefore, one forum should resolve all of the claims in this case.

{¶11} Finally, dismissal is appropriate because the small claims division may not transfer this case to the regular docket.  Generally, when subject-matter jurisdiction is lacking, a trial court may not transfer a case to the appropriate court.  *See Adams v. Cox*, 10th Dist. No. 09AP-684, 2010-Ohio-415, ¶10-18.  But rules or statutes may provide for transfer in certain circumstances.  For example, "Civ.R. 13(J) permits a municipal court to transfer a case by certifying it to the common pleas court if a counterclaim, cross-claim or third-party complaint exceeds the court's jurisdiction[.]"  *Id.* at ¶ 16.  And under R.C. 1925.10, "A civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court * * * by the filing of a counterclaim or cross-claim for more than three thousand dollars."  Therefore, when a counterclaim falls outside the jurisdiction of the small claims court, R.C. 1925.10 provides for transfer only when that counterclaim exceeds the court's monetary jurisdiction.

{¶12} For the foregoing reasons, we vacate the judgment of the Meigs County Court, Small Claims Division.  On remand, we instruct the trial court to dismiss this action pursuant to Civ.R. 12(H)(3).

**JUDGMENT VACATED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE VACATED AND THE CAUSE BE REMANDED. Appellant and Appellee shall split equally the costs herein.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J.:      Concurs in Judgment and Opinion.
McFarland, J.:    Dissents.


For the Court


BY:_____
        Roger L. Kline, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**