[Cite as *Mustafa v. Al-Bayer*, 2020-Ohio-1315.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| ABDELKAREEM M. MUSTAFA, et al., | : | CASE NO. CA2019-03-049 |
| Appellees, | : | O P I N I O N<br>4/6/2020 |
| | : | |
| - vs - | : | |
| | : | |
| DONALD AL-BAYER, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2018 SC I 00057

Donald Al-Bayer, 7302 Cascade Drive, West Chester, Ohio 45069, appellant, pro se

Law Office of Brian M. Garvine LLC, Brian M. Garvine, 5 East Long Street, Suite 1100, Columbus, Ohio 43215, for appellees

**M. POWELL, P.J.**

{¶ 1} Appellant, Donald Al-Bayer, appeals a decision of the Fairfield Municipal Court granting a $2,204.50 judgment in favor of appellee, Abdelkareem Mustafa.

{¶ 2} Mustafa worked as a truck driver for appellant from January 2018 to July 24, 2018. On August 7, 2018, Mustafa filed a complaint in the Fairfield Municipal Court, Small

Claims Division, alleging that appellant had failed to pay him for his services and seeking a $6,000 judgment. The matter was initially set for a hearing before a magistrate on September 5, 2018. However, the hearing was continued to September 26, 2018, with orders that the rescheduled date would be vacated were the case to settle or be transferred to the civil docket. The magistrate's order further provided that the parties could amend their claims or file counterclaims and/or motions no later than September 19, 2018.

{¶ 3} On September 7, 2018, appellant filed a motion captioned "Defendant's Motion to Transfer to the Regular Docket." The motion sought additional time to file an answer, indicated appellant's intent "to file counterclaims which will exceed damages limit of the small claims division," and "request[ed] an order from [the] Court, pursuant to ORC Section 1925.10, transferring this matter from the small claims division to the regular docket." The magistrate never ruled upon the motion.

{¶ 4} That same day, appellant also answered the complaint and asserted five counterclaims against Mustafa, seeking damages in excess of $1,000,000. Specifically, appellant alleged (1) conversion of a tractor and trailer, (2) damages to a passenger vehicle, (3) loss of income due to engine damage to a tractor, (4) fraud for forging a notary stamp on a contract, and (5) libel, infliction of emotional distress, and perjury. The pleading further alleged that "[p]roper venue for this counterclaim is Butler County Common Pleas Court because counterclaims exceed $6000 and, therefore, should be transferred from Small Claims Court under [Civ.R.] 3 and 4.3." Appellant's prayer for relief reiterated his request for an "order transferring jurisdiction to Common Pleas Court."

{¶ 5} On September 26, 2018, the magistrate sua sponte dismissed appellant's counterclaims on the ground they exceeded the monetary jurisdiction of both the municipal court and its small claims division; further, "no motion to transfer to common pleas [was] filed." On October 5, 2018, appellant moved to transfer the case to the Butler County

Common Pleas Court. He further filed a motion to reconsider the dismissal of his counterclaims, stating he had filed a motion to transfer on September 7, 2018, had requested a transfer within his counterclaims, and was not aware a separate motion to transfer was necessary. The magistrate denied both motions.

{¶ 6} The matter proceeded to a trial on Mustafa's complaint. Both parties testified on their own behalf. On November 8, 2018, the magistrate recommended judgment in favor of Mustafa and against appellant in the amount of $2,204.50. Appellant filed objections to the magistrate's decision. On February 14, 2019, the municipal court overruled the objections and granted a $2,204.50 judgment in favor of Mustafa.

{¶ 7} Appellant now appeals, raising the following four assignments of error. However, this court will only address the second assignment of error as it is dispositive of this appeal.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO RECONSIDER AS UNTIMELY.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED BY DENYING APPELLANT'S COUNTERCLAIMS.

{¶ 12} Assignment of Error No. 3:

{¶ 13} THE TRIAL COURT ERRED IN PROCEEDING WITH TRIAL WITHOUT SECOND PLAINTIFF BEING PRESENT.

{¶ 14} Assignment of Error No. 4:

{¶ 15} THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND STATEMENTS BY WITNESS PRESENTED BY PARTIES.

{¶ 16} In his second assignment of error, appellant argues that the small claims court erred in dismissing his counterclaims. Appellant asserts that he properly requested that his counterclaims be transferred to the common pleas court both in his September 7, 2018 answer and motion to transfer. Appellant further asserts that the small claims court could have sua sponte transferred his counterclaims to the common pleas court because they exceeded the monetary jurisdiction of the small claims court.

{¶ 17} At the outset, we find no error in the dismissal of appellant's counterclaim for libel, infliction of emotional distress, and perjury. Pursuant to R.C. 1925.02(A)(2)(a)(i), a small claims court does not have jurisdiction to hear such claims, even ones within the monetary jurisdiction of the small claims court. *Lin v. Reid*, 11 Ohio App.3d 232, 235-236 (10th Dist.1983); *Popp v. Woodruff*, 12th Dist. Clermont No. CA84-04-028, 1984 Ohio App. LEXIS 10977 (Sep. 28, 1984); *Freeman v. Todd Deegan Mgmt., Inc.*, 8th Dist. Cuyahoga No. 107443, 2019-Ohio-1530. Furthermore, such counterclaims, when filed in a small claims court, can only be dismissed and can neither be transferred nor certified. That is because

> The parties to an action cannot waive the jurisdiction of the court as to subject matter. [A] complaint or counterclaim based on libel or slander in a court without jurisdiction of the subject matter is properly subject only to a motion to dismiss and not to a motion to certify. If the small claims division is totally without jurisdiction, it is without authority to take jurisdiction for the purpose of certification. It must simply dismiss for lack of jurisdiction.

*Lin* at 236.

{¶ 18} We find, however, that the small claims court erred in both dismissing appellant's remaining counterclaims and requiring that a motion to transfer the counterclaims to a court of proper jurisdiction be filed. We further find that the court below erred in failing to transfer the case to the Butler County Court of Common Pleas.

{¶ 19} Pursuant to R.C. 1925.02(A), a small claims division of a municipal court has jurisdiction in civil actions for the recovery of amounts not exceeding $6,000, exclusive of interest and costs. Pursuant to R.C. 1925.10(A), however, "[a] civil action that is duly entered on the docket of the small claims division *shall be transferred* to the regular docket of the court upon the motion of the court made at any stage of the civil action *or by the filing of a counterclaim* or cross-claim *for more than six thousand dollars*." (Emphasis added.) R.C. 1901.22(E) similarly provides that when a counterclaim is filed in a case before a municipal court in excess of its monetary jurisdiction, "the judge *shall certify* the proceedings in the case to the court of common pleas[.]" (Emphasis added.) *See* R.C. 1901.17(A) (a municipal court has jurisdiction over cases in which the amount claimed by any party does not exceed $15,000).

{¶ 20} Contrary to the small claims court's finding, R.C. 1925.10(A) does not require the filing of a motion to transfer to the regular docket when a counterclaim seeking a judgment in excess of $6,000 is filed. In such instances, the small claims court "shall" transfer the matter to the regular docket. As we have held, "the language of R.C. 1925.10 is clear and unambiguous and should be applied as written. * * * Further, the provisions of R.C. 1925.10 are not discretionary. The use of the word 'shall' makes the statute mandatory, there being no other legislative intent required." *Deaton v. McIntosh*, 82 Ohio App.3d 688, 690-691 (12th Dist.1992).

{¶ 21} Moreover, Civ.R. 13(J) provides that "[i]n the event that a counterclaim * * * exceeds the jurisdiction of the court, the court *shall certify* the proceedings in the case to the court of common pleas." (Emphasis added.) Pursuant to R.C. 1925.16, the Ohio Rules of Civil Procedure generally apply to proceedings in the small claims court to the extent they are not inconsistent with the procedures provided in R.C. Chapter 1925. *See Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477; *Shockles v. Beatley*, 10th Dist.

Franklin No. 95APG05-665, 1995 Ohio App. LEXIS 5630 (Dec. 19, 1995). Similar to R.C. 1925.10(A) and 1901.22(E), Civ.R. 13(J) plainly requires that a case be transferred to the common pleas court whenever a counterclaim exceeds the monetary jurisdiction of a court, regardless of whether a motion to transfer has been filed. *See State ex rel. Natl. Emp. Benefit Servs., Inc. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49 (1990).

{¶ 22} Appellant's counterclaims for conversion, damages to a passenger vehicle, loss of income, and fraud sought a judgment for over $87,000 and stated sufficient facts to ascertain the monetary relief requested. Because these counterclaims exceeded the jurisdiction of the small claims court, appellant was not required to file a motion to transfer and the magistrate's dismissal of the counterclaims on that ground was error. Furthermore, given the amount prayed for in the counterclaims, the magistrate was required to transfer the case pursuant to R.C. 1925.10(A) and Civ.R. 13(J) and erred in failing to do so.

{¶ 23} R.C. 1925.05 provides that "[i]f you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven days prior to the date of the trial of the plaintiff's claim." Civ.R. 13(A) governs compulsory counterclaims and is applicable to small claims proceedings. *Thirion v. Tutoki*, 94 Ohio Misc. 2d 77, 78 (M.C.1998).

{¶ 24} "Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit." *Rettig Ents., Inc. v. Koehler*, 68 Ohio St.3d 274, 278, 1994-Ohio-127. Pursuant to Civ.R. 13(A), "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id.* at 279, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961). Appellant's counterclaims for conversion, damages to a passenger vehicle, loss of income,

and fraud all arose from the employment relationship between appellant and Mustafa which is the subject of Mustafa's claims against appellant. They are therefore compulsory counterclaims.

{¶ 25} Because appellant's compulsory counterclaims exceeded $15,000, the court below was without jurisdiction to hear the case. *Thompson v. Hansford*, 9th Dist. Summit No. 29226, 2019-Ohio-2612, ¶ 14. A judgment rendered by a court which has no jurisdiction over the subject matter is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988); *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980. "It is as though such proceedings never occurred; the judgment is a mere nullity and subject to vacation through the inherent powers possessed by the courts of Ohio." *M&T Constr. & Excavating, Inc. v. Koe-Krompecher*, 4th Dist. Gallia No. 91CA10, 1991 Ohio App. LEXIS 5868, *6 (Dec. 3, 1991), citing *Patton* at paragraph four of the syllabus.

{¶ 26} Appellant's second assignment of error is accordingly sustained. Because our resolution of the second assignment of error renders the remaining assignments of error moot, we decline to address them. *Thompson* at ¶ 14.

{¶ 27} The judgment of the Fairfield Municipal Court is vacated, and this case is remanded to the Fairfield Municipal Court with instructions to certify this case to the Butler County Court of Common Pleas for further proceedings. *Harris v. Holcomb*, 9th Dist. Summit No. 13359, 1988 Ohio App. LEXIS 1268, *3-4 (Mar. 30, 1988).

{¶ 28} Judgment vacated and cause remanded.

S. POWELL and RINGLAND, JJ., concur.