[Cite as *Kozlowski v. Geothermal Professionals Ltd.*, 2025-Ohio-810.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STEVEN M. KOZLOWSKI, et al., | **CASE NO. 2024-G-0038** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| GEOTHERMAL PROFESSIONALS LTD., | Trial Court No. 2024 M 00324 |
| Defendant-Appellee. | |

## O P I N I O N

Decided: March 10, 2025
Judgment: Affirmed

*Michael P. Harvey*, Michael P. Harvey Co., LPA, 311 Northcliff Drive, Rocky River, OH 44116 (For Plaintiffs-Appellants).

*R. Brian Borla*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Defendant-Appellee).

SCOTT LYNCH, J.

{¶1} Plaintiffs-appellants, Steven M. Kozlowski and Susan D. Kozlowski, appeal the dismissal of their Complaint against defendant-appellee, Geothermal Professionals Ltd. For the following reasons, we affirm the dismissal of the Kozlowskis' Complaint.

{¶2} On May 11, 2024, the Kozlowskis filed a Complaint against Geothermal Professionals in the Geauga County Court of Common Pleas raising the following claims: Count One (Civil Liability for Violation of a Criminal Statute); Count Two (Declaratory Judgment); Count Three (Violation of the Consumer Sales Practices Act); Count Four

(Violation of the Home Solicitation Sales Act); Count Five (Breach of Contract); and Count Six (Negligent Destruction/Negligent Repair).

{¶3} The Kozlowskis' claims arose out of repair work performed by Geothermal Professionals on their Tranquility 27 geothermal heating unit beginning on or about January 18, 2024. The Complaint averred:

> 69. It was one crucial oversight on that first day, Thursday[,] January 18, 2024, of not checking the loop to be open, that created a week worth of trouble for everyone.
>
> 70. The machine was further damaged due to that loop being closed which was an issue created by turning the open loop system to "ON," without first checking to see if the system loop was actually open.
>
> 71. Kozlowskis should not be charged for the hours that Dan and Frankie went over the schematic to try to figure out why the machine was not working after Frankie put it together properly, although with the new contact switch that had the incorrect voltage.
>
> 72. Kozlowskis should not be charged the hours that it took them to re-install the blown boards that blew after the incorrect contactor was installed.
>
> 73. Kozlowskis should not be charged for the hours that Dan himself came over at night to figure out the same exact thing that Frankie was trying to figure out.
>
> 74. Kozlowskis should not be charged at all for them to fix what they broke.
>
> 75. Through Geothermal's and its agents' neglect of not fully checking the entire operations of "the system," and deciding to check on "part" of the system, Geothermal and its agents caused further breakdown of the machine part of the system.
>
> 76. Kozlowskis also should not be charged for the hours spent calling Sam to see if Sam could tell them over the phone where the 3 yellow wires needed to be connected to.

2

Case No. 2024-G-0038

{¶4} On July 16, 2024, Geothermal Professionals filed a Motion to Dismiss pursuant to Civil Rule 12(C) on the grounds that the Complaint fails to state a claim upon which relief can be granted. Specifically, Geothermal Professionals argued that the claims raised in the Kozlowskis' Complaint were compulsory counterclaims that should have been prosecuted in *Geothermal Professionals Ltd v. Kozlowski*, Chardon Municipal Court, Small Claims Division, Case No. 2024 CV I 00239. Geothermal Professionals filed the small claims complaint against the Kozlowskis on March 13, 2024, seeking the recovery of $3,905.00 for unpaid services. The Kozlowskis filed an Answer, Affirmative Defenses and Counterclaims. The counterclaims were "identical" to claims raised in their Complaint. The small claims case was heard before a magistrate on May 2, 2024. The Kozlowskis failed to appear for the hearing and the magistrate found in favor of Geothermal Professionals in the amount of $3,905.00. On May 15, 2024, the Kozlowskis dismissed their counterclaims without prejudice while filing objections to the magistrate's decision. On June 26, 2024, the Kozlowskis' objections were overruled and final judgment entered in favor of Geothermal. This judgment has not been appealed. On July 12, 2024, the Kozlowskis requested a stay of judgment in the small claims court, arguing: "In the interest of judicial economy, the Defendants [the Kozlowskis] respectfully request that this Court [the municipal court] issue a Stay of Execution of Judgment pending the completion of the Geauga County case as it pertains to issues related to the case originally presented in Chardon Municipal Court."

{¶5} On August 1, 2024, the trial court dismissed the Kozlowskis' Complaint: "The Plaintiffs' claims were compulsory counterclaims in the Chardon Municipal Court

3

Case No. 2024 CVI 00239. Accordingly, they cannot be reasserted here and Plaintiffs' Complaint is dismissed for their failure to state a claim upon which relief can be granted."

{¶6} The Kozlowskis timely appeal and raise the following assignments of error (edited):

[1.] Whether the dismissal of the Geauga County Complaint was improper.

[2.] Whether the dismissal of the Geauga County Court case followed the procedure for a refiled case pursuant to the Ohio Supreme Court's ruling in *McCullough v. Bennett*, 2024-Ohio-2783, issued July 24, 2024.

[3.] Whether a Default Judgment should have been awarded on a case that should have been transferred to the Geauga County Common Pleas Court from the Chardon Municipal Court in the first place.

[4.] Whether a Counterclaim that was dismissed without prejudice from the Chardon Municipal Court and then filed in Geauga County Common Pleas Court before any Orders were issued on the Counterclaims at the Municipal Court level, even requires an appeal.

[5.] Whether the Chardon Municipal Court should have transferred the case automatically because the Counterclaims exceeded the statutory jurisdiction so that the Order on the original Small Claims case filed by a contractor is void and violated Ohio's unauthorized practice of law rulings.

[6.] Whether the Appellants' Motions for Relief pursuant to Ohio Civil Rule 60(A) and Ohio Civil Rule 60(B), which are scheduled for a Hearing on November 13, 2024, may alleviate the need for this Appeal.

{¶7} The Kozlowskis' assignments of error will be addressed in a consolidated manner.

{¶8} Civil Rule 13(A), regarding compulsory counterclaims, states: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

4

Case No. 2024-G-0038

"All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Ents., Inc. v. Koehler*, 68 Ohio St.3d 274 (1994), paragraph one of the syllabus. "A party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit." *Soliel Tans, L.L.C. v. Timber Bentley Coe, L.L.C.*, 2019-Ohio-4889, ¶ 31 (8th Dist.); *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14 (1984) (under the doctrine of res judicata, the failure to raise a compulsory counterclaim bars its assertion in a subsequent litigation).

{¶9} "The two-pronged test for applying Civ.R. 13(A) is: (1) does the claim exist at the time of serving the pleading …; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Geauga Truck* at 14; *Rettig* at paragraph two of the syllabus ("[t]he 'logical relation' test, which provides that a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts, can be used to determine whether claims between opposing parties arise out of the same transaction or occurrence"). "If both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ.R. 13(A)." *Rettig* at 277; *Rome Hilliard Self Storage v. Conkey*, 2003-Ohio-5038, ¶ 13 ("Ohio courts have liberally construed the 'transaction or occurrence' language from Civ.R. 13(A) in favor of compulsory counterclaims").

Case No. 2024-G-0038

{¶10} The law regarding compulsory counterclaims has been held to apply in small claims proceedings. *Mustafa v. Al-Bayer*, 2020-Ohio-1315, ¶ 23 (12th Dist.) ("Civ.R. 13(A) governs compulsory counterclaims and is applicable to small claims proceedings"); *Basinger v. York*, 2012-Ohio-2017, ¶ 10 (4th Dist.) (same); R.C. 1925.05(A) (notice of the commencement of an action in the small claims division shall state: "[i]f you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven days prior to the date of the trial of the plaintiff's claim"). When a counterclaim is filed in excess of the monetary jurisdiction of the small claims division or the municipal court, statutory provisions exist providing for the transfer of the case to the appropriate court. R.C. 1925.10(A) ("[a] civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court … by the filing of a counterclaim or cross-claim for more than six thousand dollars"); R.C. 1901.22(E) ("[i]n any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas"); *also* Civ.R. 13(J) ("[i]n the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas").

{¶11} The decision to dismiss a case for failure to state a claim upon which relief can be granted is reviewed de novo, i.e., based upon an independent review of the record without deference to the decision of the lower court. *Fast Tract Title Servs., Inc. v. Barry*, 2024-Ohio-5216, ¶ 17 (8th Dist.).

6

Case No. 2024-G-0038

{¶12} In the present case, the trial court properly concluded that the claims raised in the Kozlowskis' Complaint were compulsory counterclaims. The Kozlowskis' claims were in existence at the time of the original pleading in small claims court (they were actually raised as counterclaims in that proceeding), the same parties are involved, and the claims arise out of the subject matter of the small claims proceeding, i.e., the Kozlowskis seek damages arising out of the repair work for which Geothermal Professionals sought payment. At the very least, it must be conceded that Geothermal Professionals' claims and the Koslowskis' counterclaims were logically related so that separate trials would involve a substantial duplication of effort and time in addition to creating the possibility of inconsistent verdicts.

{¶13} The are several examples of the compulsory counterclaim rule being applied in situations comparable to the present one. The litigation in *Grill v. Artistic Renovations*, 2018-Ohio-747 (8th Dist.), arose out of a construction/remodeling contract. In an initial lawsuit, the homeowners (appellants) "asserted causes of actions for breach of contract, violations of the Ohio Consumer Sales Practices Act, fraud, unjust enrichment, alter ego, and negligence," while the contractor (Artistic) "filed an answer and counterclaims against appellants for breach of contract and quantum meruit, seeking to recover for work completed on the project that appellants had not compensated Artistic for." *Id.* at ¶ 3. The homeowners voluntarily dismissed their claims without prejudice and the contractor obtained a judgment against them. *Id.* at ¶ 4. The homeowners then filed a second lawsuit raising substantially similar claims to those in the first lawsuit. *Id.* at ¶ 6. The trial court granted judgment in favor of the contractor on the grounds of res judicata. *Id.* at ¶ 12. The court of appeals affirmed citing Civil Rule 13(A) and *Rettig*:

7

"[W]e find that the appellants' claims arose out of the transaction or occurrence—the construction/remodeling contract—that was the subject matter of Artistic's counterclaims for breach of contract and quantum meruit in the first lawsuit. The basis for each cause of action asserted by appellants in their second complaint arose from the construction/remodeling agreement and the homeowner-general contractor relationship that existed between appellants and Artistic. Appellants' claims against Artistic in the second complaint bear a logical relationship to the claims appellants asserted against Artistic in the first complaint and Artistic's counterclaims for breach of contract and quantum meruit." *Id.* at ¶ 27. "Appellants either asserted and then abandoned their claims against Artistic in the first lawsuit or should have but failed to assert their claims against Artistic in the first complaint." *Id.* at ¶ 28.

{¶14} Similarly, in *Karnofel v. Superior Waterproofing, Inc.*, 2017-Ohio-9346 (11th Dist.), the waterproofing company filed an action in municipal court for "work actually done" before Karnofel cancelled the contract. *Id.* at ¶ 2. Karnofel attempted but abandoned an effort to file a counterclaim. *Id.* at ¶ 5. While this action remained pending, a privy of Karnofel filed suit against the waterproofing company in the court of common pleas, "alleging breach of contract and negligent workmanship by Superior, arising from the same contract as that subject of the Girard Municipal Court case." *Id.* at ¶ 6. The trial court dismissed the action, and this Court affirmed the dismissal on the grounds that the claims were compulsory counterclaims and that res judicata applied: "There is a 'logical relation' between Delores' intended counterclaim in the Girard Municipal Court case, and Ann's claims in [common pleas] case: each involve the same contract, and the same

8

opposing party. The claims had to be brought by way of counterclaim in the Girard Municipal Court case." *Id.* at ¶ 22.

{¶15} Finally, we mention *Ferrara v. Vicchiarelli Funeral Servs., Inc.*, 2016-Ohio-5144 (8th Dist.): "The facts and circumstances giving rise to the second lawsuit are identical to the first lawsuit and arise out of the same transaction or occurrence. Both lawsuits concerned the mishandling of the final arrangements of the Ferraras' relative by the Funeral Home. The Ferraras refused to pay the funeral bill based on their claims that the Funeral Home had done something wrong. By abandoning its claims against the Funeral Home in the first lawsuit, the Ferraras waived those claims and any other claims they failed to raise against the Funeral Home that were 'offshoots of the same basic controversy between the parties.'" *Id.* at ¶ 13; *Toledo Indus. Maintenance & Supply, Inc. v. Spartan Chem. Co., Inc.*, 2004-Ohio-2466, ¶ 22 (6th Dist.) ("[t]hat the appellant chose not to appear in the first suit and accepted a default judgment against him does not preclude the applicability of Civ. R. 13(A)").

{¶16} The Kozlowskis argue that "Ohio has long recognized the existence of [the rule that] a contractual action excludes the opportunity to present the same case as a tort claim." Brief of Appellant at 7, citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151 (9th Dist. 1996), for the proposition that "a breach of contract does not create a tort claim" unless it exists independently of the contract action, i.e., "only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed."

{¶17} The general rule that tort claims may not be based on a breach of contract has no application in the present case. The rule in *Textron* affects the way a plaintiff

9

drafts a complaint arising from a breach of contract and has no relevance to the rule regarding mandatory counterclaims. The implication that the *Textron* rule prevents torts from being raised as counterclaims in a breach of contract action is simply false. *Rome Hilliard*, 2003-Ohio-5038, at ¶ 17 (10th Dist.) ("[c]ontrary to Rome Hilliard's contentions, a tort claim can be a compulsory counterclaim to a contract action and vice versa"); *Sherman v. Pearson*, 110 Ohio App.3d 70, 74 (1st Dist. 1996) ("[t]he difference in the nature of the actions is not paramount; rather, the issue is whether the two claims have a sufficient legal or factual nexus to satisfy the 'logical-relation' test").

{¶18} The Kozlowskis further argue that their claims were improperly dismissed as compulsory counterclaims because of irregularities in the proceedings in municipal court. They "note that the Counterclaims [in small claims court] were not Answered by Geothermal; were not heard [by] the Court in any fashion; and were dismissed, without prejudice, and filed in the Geauga County Common Pleas Court before there were any actions taken on the Counterclaims." The further argue that "the Counterclaims and the damages sought for those Counterclaims vastly exceeded the jurisdiction of the Municipal Court and certainly the Small Claims Division where the original *pro se* Complaint by an Agent of Geothermal had been filed [see R.C. 1925.17]." Brief of Appellants at 5.

{¶19} Any irregularities in the proceedings in the small claims court are not before this Court for review. The Kozlowskis are appealing the decision from common pleas court, not the small claims court. The judgment rendered in favor of Geothermal Professionals in the small claims court was final and not appealed. Subsequently, the denial of the Kozlowskis' motion to vacate the judgment in small claims court is final and

currently pending as Appeal No. 2024-G-0049. If the Kozlowskis' claims about the proceedings in small claims court have any merit, it must be demonstrated in that appeal.

{¶20} Finally, the Kozlowskis argue that the present case is governed by the Ohio Supreme Court's decision in *McCullough v. Bennett*, 2024-Ohio-2783, which holds that Ohio's saving statute, R.C. 2305.19(A), does not limit the number of times a plaintiff may refile a lawsuit "within one year after … the plaintiff's failure otherwise than upon the merits." *Id.* at ¶ 2. Again, the *McCullough* decision has no relevance to the present case which was not decided upon the applicability of Ohio's saving statute.

{¶21} The assignments of error are without merit.

{¶22} For the foregoing reasons, the dismissal of the Kozlowskis' Complaint is affirmed. Costs to be taxed against the appellants.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

11

Case No. 2024-G-0038